UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEYTON INGE, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:16-CV-0042-B |
| | § | |
| WALTER WALKER, et al., | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Peyton Inge's Opposed Motion to Disqualify Fanning Harper Martinson Brandt & Kutchin, P.C. [D.E. 24]. This motion was referred by the District Court to the Magistrate Judge for determination. Order of Referral [D.E. 27]. Based on the parties' briefing, the Court rules as follows.

## PROCEDURAL HISTORY

Plaintiff Peyton Inge ("Inge") filed this motion to disqualify Fanning Harper Martinson Brandt & Kutchin, P.C. ("FHMBK") from representing both Central Motorcycle Roadracing Association, Inc. ("CMRA") and CMRA's current and former directors (the "directors"). Pl.'s Mot. [D.E. 24 at 8]. Inge argues that the interests of CMRA and the directors conflict. Pl.'s Br. [D.E. 25 at 2]. Because of this conflict of interest, Inge argues that FHMBK should no longer be allowed to represent CMRA. Pl.'s Mot. [D.E. 24 at 8].

CMRA and the directors (collectively "Defendants") respond that a similar motion has been brought before a judge in state court already. Defs.' Resp. [D.E. 31 at 6]. After that motion was denied, Defendants state that Inge unsuccessfully attempted to appeal the ruling. *Id.* [D.E. 31 at 6-7]. After amending his petition, Inge brought another motion to disqualify FHMBK from representing CMRA. *Id.* [D.E. 31 at 6-7]. In total, this will is the *fourth* time a judge has considered a motion by

1

Inge to disqualify FHMBK from representing one of its clients. *See id.* [D.E. 31 at 6-7]. Inge attempts to differentiate his motion practice by arguing he learned new facts before filing each new motion. Pl.'s Reply [D.E. at 1-2].

## LEGAL STANDARD

The Fifth Circuit has instructed courts to "look to the local rules promulgated by the local court itself." *Kennedy v. MindPrint*, 587 F.3d 296, 299 (5th Cir. 2009) (quotations omitted). The Local Civil Rules of the Northern District of Texas define unethical behavior as "conduct undertaken in or related to a civil action in this court that violates the Texas Disciplinary Rules of Professional Conduct." Local Civil R. LR 83.8(e). "A reviewing court also considers the motion governed by the ethical rules announced by the national profession in light of the public interest and the litigants' rights." *Id.* (quotations and brackets omitted). "The Fifth Circuit has recognized the ABA Model Rules of Professional Conduct . . . as the national standards to consider in reviewing motions to disqualify." *Id.* Therefore, a court must consider the Texas Disciplinary Rules of Professional Conduct (the "Texas Rules") and the ABA Model Rules of Professional Conduct (the "Model Rules"). *See In re Am. Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992).

Regarding ethical issues, the Fifth Circuit has instructed courts to remain "sensitive to preventing conflicts of interest." *MindPrint*, 587 F.3d at 299 (quoting *In re Am. Airlines, Inc.*, 972 F.2d at 611). Furthermore, courts are obligated "to take measures against unethical conduct occurring in connection with any proceeding before it." *Id.* at 300. This obligation must be weighed against "depriving a party of the right to be represented by the attorney of his or her choice . . . ." *Id.* (quotations omitted). Depriving a party of this right is considered a penalty and sanction, and it "must not be imposed cavalierly." *Id.*

## ANALYSIS

Both the Texas Rules and the Model Rules permit attorneys to represent multiple clients in common representation. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06(c); MODEL R. PROF'L CONDUCT 1.07(b). In order to do so, however, certain criteria must be met. *See id.* The Texas Rules allow such representation if the attorney reasonably believes that the clients' representation will not be materially affected, and each client consents to such representation, after being fully informed of the pros and cons of such representation. TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06(c). The Model Rules are very similar with the major exception being that each client must provide informed consent in writing. MODEL R. PROF'L CONDUCT 1.07(b)(4).

Here, Defendants's counsel argue that they are not aware of any conflicts of interest at this point in time, that they do not believe that their clients' representation will be materially affected, and they have obtained informed consent from all of the defendants in writing. Defs.' Resp. [D.E. 31 at 21]. This satisfies the requirements of both the Texas Rules and the Model Rules. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06(c); MODEL R. PROF'L CONDUCT 1.07(b). Currently, it does not appear that the Court must take action to prevent unethical conduct. *See MindPrint*, 587 F.3d at 300. The Court also notes that all Defendants selected FHMBK as the counsel of their choice. *See id.* Therefore, Plaintiff Peyton Inge's Opposed Motion to Disqualify Fanning Harper Martinson Brandt & Kutchin, P.C. is **DENIED**.

**SO ORDERED,** April 25, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE